UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.       **ORDER**
       Criminal File No. 15-210 (MJD/JSM)

(4) ADAN MARGRITOS FLORES-LAGONAS,

    Defendant.

Surya Saxena, Assistant United States Attorney, Counsel for Plaintiff.

Kurt B. Glaser, Smith & Glaser, LLC, Counsel for Defendant.

## I.    INTRODUCTION

The above-entitled matter comes before the Court upon the Government's Motion to Exclude Time under Speedy Trial Act. [Docket No. 266] Defendant has no objection to the Government's motion. [Docket No. 270]

## II.    BACKGROUND

On July 14, 2015, a multi-count Indictment was filed against Defendant Adan Margritos Flores-Lagonas and co-Defendants Armando Reyes-Ramirez,

Eloy Flores, Leticia Reyes-Ramirez, and Jonathan Perez-Juarez. [Docket No. 1] After various pretrial motions and rulings, a trial date was set.

On February 1, 2016, a sealed Superseding Indictment was filed against Flores-Lagonas, Reyes-Ramirez, Perez-Juarez, and three new co-Defendants: Epifanio Salgedo Flores, Nicole Angela Davis, and Felix Nacedo Flores. [Docket No. 177] The Superseding Indictment alleged that the three new co-Defendants were co-conspirators of Flores-Lagonas with regard to Count 1, Conspiracy to Distribute Methamphetamine. A redacted version of the Superseding Indictment was filed on February 2 [Docket No. 182] and the unsealed Superseding Indictment was filed on February 12 [Docket No. 203].

On February 24, Flores-Lagonas was arraigned on the Superseding Indictment. [Docket No. 210]

On March 1, Flores-Lagonas filed a pretrial motion to sever, asking that he not be tried with co-Defendant Davis. [Docket No. 214]

Co-Defendant Epifanio Salgedo Flores was the last of the new co-Defendants to make his initial appearance in the District of Minnesota; he did so on March 29, 2016. [Docket No. 231]

On April 19, 2016, the Government filed a motion for discovery as to Defendants Epifanio Salgedo Flores and Felix Nacedo Flores; as of May 13, the motion was still pending. [Docket No. 259]   Also on that date, Defendant Epifanio Salgedo Flores filed multiple pretrial motions that were still pending as of May 13. [Docket Nos. 242-49]

On May 3, Flores-Lagonas withdrew his motion to sever. [Docket No. 265]

### III. DISCUSSION

#### A. Speedy Trial Act Standard

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

However, the Court shall exclude, among other things, "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Id. § 3161(h)(6).  Thus, "when a newly indicted or arraigned defendant is joined with a defendant whose speedy trial clock has already started running, the latter defendant's speedy trial clock will be reset so that it reflects the speedy

3

trial clock of the newly added codefendant." United States v. Lightfoot, 483 F.3d 876, 885-86 (8th Cir. 2007).  See also United States v. Porchay, 651 F.3d 930, 937 (8th Cir. 2011) (same).  "Thereafter, all of the defendants are subject to one controlling speedy trial clock and any time periods excluded from the speedy trial calculations for one defendant will be applicable to the other defendants." Lightfoot, 483 F.3d at 886.

> In other words, once multiple defendants with time remaining on their respective speedy trial clocks have been joined together, and if severance has not been granted, their speedy trial clocks will, subject to [the statute's] reasonableness requirement, be reset and synchronized with the clock of the defendant with the most time remaining.  This insures that speedy trial considerations will not hamper the joinder of defendants who have different amounts of time left on their respective speedy trial clocks.

Id. at 886 (citation omitted).

### B. Analysis

As of today, Flores-Lagonas had all 70 days remaining on his speedy trial clock, because Flores-Lagonas's clock was reset with co-Defendant Epifanio Salgedo Flores's clock.  Epifanio Salgedo Flores's clock commenced on March 29, 2016, the date of his first appearance in the District of Minnesota.  See 18 U.S.C. § 3161(c)(1); United States v. Grimes, 702 F.3d 460, 467 (8th Cir. 2012); United States v. Shepard, 462 F.3d 847, 865 (8th Cir. 2006).

Beginning March 29, 2016, Epifanio Salgedo Flores's speedy trial clock was then tolled based on Flores-Lagonas's pretrial motion for severance, which had been filed on March 1, 2016.  See 18 U.S.C. § 3161(h)(1)(D).  While Flores-Lagonas's motion for severance remained pending, the Government and co-Defendant Epifanio Flores filed new pretrial motions that were still pending as of May 13.  Thus, as of May 13, 2016, Flores-Lagonas still had a full 70-day speedy trial clock.  The Court grants the Government's request that the Court issue an order excluding the time from the filing of the Superseding Indictment on February 1, 2016, through today's date, May 13, 2016 from the speedy trial clock calculation.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

The Government's Motion to Exclude Time under Speedy Trial Act [Docket No. 266] is **GRANTED** and the period of time between the filing of the Superseding Indictment, February 1, 2016, and the date of this Order, May 13, 2016, shall be excluded from the calculation of the Speedy Trial Act's seventy-day trial deadline.

Dated:  May 13, 2016                         s/ Michael J. Davis
                                             Michael J. Davis
                                             United States District Court