UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                             **MEMORANDUM OF LAW & ORDER**
                                Criminal File No. 15-210 (MJD/SER)

(4) ADAN MARGRITOS FLORES-LAGONAS,

    Defendant.

Surya Saxena, Assistant United States Attorney, Counsel for Plaintiff.

Kyle David White, Counsel for Defendant.

## I. INTRODUCTION

This matter is before the Court on the Government's Motion to Exclude Time under Speedy Trial Act [Docket No. 522] and on Defendant's Motion to Dismiss Indictment for Speedy Trial Violation [Docket No. 523]. The Court heard oral argument on May 21, 2019. In accordance with the Court's oral order during the May 21, 2019 hearing, the Court issues the following Memorandum of Law & Order.

## II. DISCUSSION

    **A. Speedy Trial Act Standard**

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

### B. Speedy Trial Calculations in this Case

On July 14, 2015, a multi-count Indictment was filed against Defendant Adan Margritos Flores-Lagonas and co-Defendants Armando Reyes-Ramirez, Eloy Flores, Leticia Reyes-Ramirez, and Jonathan Perez-Juarez. [Docket No. 1] After various pretrial motions and rulings, a trial date was set.

On February 1, 2016, a sealed Superseding Indictment was filed against Flores-Lagonas, Reyes-Ramirez, Perez-Juarez, and three new co-Defendants: Epifanio Salgedo Flores, Nicole Angela Davis, and Felix Nacedo Flores. [Docket No. 177] The Superseding Indictment alleged that the three new co-Defendants were co-conspirators of Flores-Lagonas with regard to Count 1, Conspiracy to Distribute Methamphetamine. A redacted version of the Superseding Indictment was filed on February 2 [Docket No. 182] and the unsealed Superseding Indictment was filed on February 12 [Docket No. 203].

2

"[W]hen a newly indicted or arraigned defendant is joined with a defendant whose speedy trial clock has already started running, the latter defendant's speedy trial clock will be reset so that it reflects the speedy trial clock of the newly added codefendant." United States v. Lightfoot, 483 F.3d 876, 886 (8th Cir. 2007) (citation omitted). Thus, Defendant's speedy trial clock was reset to 0 days on February 1, 2016, when new co-Defendants were joined in the Superseding Indictment. For the reasons fully explained in the Court's May 13, 2016, Order [Docket No. 272], due to Epifanio Salgedo Flores's clock commencing on March 29, 2016, the date of his first appearance in the District of Minnesota, and various pretrial motions filed, the time period from February 1, 2016 through May 13, 2016 was excluded from Defendant's speedy trial calculation.

Co-Defendant Epifanio Salgedo Flores filed various pretrial motions on April 19, 2016. [Docket Nos. 242-49] The Government did not file a response, so the motion was not fully briefed for submission to the Court, and the motions were withdrawn on June 6, 2016, when Epifanio Salgado Flores pled guilty. [Docket No. 289] Therefore, the time from April 19, 2016 through June 6, 2016 was excludable under the speedy trial act. See 18 U.S.C. § 3161(h)(1)(D); United

States v. Long, 900 F.2d 1270, 1274-76 (8th Cir. 1990); United States v. Williams, 557 F.3d 943, 947 (8th Cir. 2009).

On June 6, 2016, the Government filed a motion in limine, and the Court ruled on that motion on June 17, 2016. [Docket Nos. 285, 300] Thus, the speedy trial clock was still tolled until June 17, 2016. 18 U.S.C. § 3161(h)(1)(D).

On June 17, 2016, the Court granted Defendant's motion for a competency evaluation. [Docket Nos. 301-02]

The entire delay associated with the Defendant's competency proceedings and the Court's consideration of the parties' briefings is excluded. See United States v. DeGarmo, 450 F.3d 360, 363 (8th Cir. 2006) (holding that delay attributable to competency examination is excluded, without regard to any "reasonable cause" standard or other time limit). Thus, the time from June 17, 2016, when the Court ordered the competency evaluation until December 4, 2018, when the Magistrate Judge issued an order finding Defendant competent to stand trial [Docket No. 502], is excluded. The Court notes that, while this period of time is considerable, this delay was due to a well-supported defense motion for a competency evaluation; Defendant's request for a new attorney, which was granted; the Court fulfilling its duty regarding treatment of a defendant under 18

4

U.S.C. § 4241; the need for multiple competency hearings; Defendant's appeal of the Magistrate Judge's second competency order; and other issues, the details of which are set forth in the Magistrate Judge's sealed December 4, 2018 order. [Docket No. 502] Thus, to the extent that Defendant claims there was a violation of his constitutional right to a speedy trial, the Court concludes that the reason for this delay – the need to properly address the defense request for a competency evaluation and Defendant's request for a new defense attorney –, the Government's diligence in pursuing this prosecution, and the lack of prejudice to Defendant from this delay support the finding that there was no violation of Defendant's speedy trial right, despite the length of the delay and Defendant's current assertion of his speedy trial rights. See United States v. Sprouts, 282 F.3d 1037, 1042-44 (8th Cir. 2002).

The Government further argues that the Court should exclude 30 days after the Magistrate Judge issued the order finding Defendant competent to stand trial because no party objected and the Court has not adopted that finding. For this proposition, the Government cites to United States v. Long, 900 F.2d 1270, 1275 (8th Cir. 1990). In Long, the Eighth Circuit held that "[t]he issuance of the report and recommendation began a new excludable period." Id. "The filing

5

of the report and recommendation, therefore, in essence serves to re-file the motions, together with the magistrate's study of them, with the district court." Id. "[T]his filing tolls the 70-day count until the district court holds a hearing or has all the submissions it needs to rule on the motions." Id. However, the Magistrate Judge did not file a report and recommendation on Defendant's competency. Instead, the Magistrate Judge filed an order. In Long, the Eighth Circuit noted that "if the magistrate's report and recommendation were instead an order," "the period excludable under section 3161(h)(1)(F) ended on the issuance of the [order]" and "a new excludable period began when the parties filed with the district court their objections to the magistrate's [order], and not when the [order] was filed with the district court." Id. at 1275 n.3. Thus, in this case, the speedy trial clock began to run on December 4, 2018.

On December 6, 2018, Defendant filed a motion to waive speedy trial from that date through March 4, 2019, explaining that counsel and Defendant needed time to confer regarding the competency finding and prepare for trial. [Docket Nos. 503, 506] The Court granted the waiver from December 6, 2018 until March 4, 2019. [Docket No. 508]

6

On January 18, 2019, Defendant again moved to exclude time under the speedy trial act. [Docket Nos. 509-10] The Court granted the motion and excluded the time from January 18, 2019 until April 22, 2019. [Docket No. 512]

Also, on January 18, 2019, Defendant filed a Motion to Dismiss for Lack of Jurisdiction. [Docket No. 511] The Government responded to the Motion to Dismiss on March 5, 2019. [Docket No. 314] Thirty days were excluded after the Government filed that response, so the time until April 4, 2019, was excluded from the speedy trial calculation.

In sum, the speedy trial clock ran 2 days, from December 4, 2018 until December 6, 2018. It was then stopped until April 22, 2019. As of the date of the hearing, May 21, 2019, the clock has run 29 more days, for a total of 31 days. Thus, as of May 21, 2019, there were 39 days left on the speedy trial clock.

During the hearing, Defendant again moved to exclude more time from the speedy trial calculations in order to prepare for trial. The Court denied that request due to the substantial length of time that this case has been pending. Trial is set for June 17, 2019.

### C. Defendant's Motion

The Court rejects Defendant's argument that his prior counsel and the Government violated his right to a speedy trial by filing motions for

continuances and coercing him into signing waivers of speedy trial rights. The Government has diligently sought to take this case to trial. There is no evidence that the Government has sought to delay this case. The Court has explained the speedy trial calculations in this case and notes that there has been no time excluded due to a motion for a continuance by Defendant's previous defense counsel, because Defendant's speedy trial clock was reset with the filing of the Superseding Indictment. All of the time until the Magistrate Judge's final competency order was excluded based on other events in this case.

As for current defense counsel's requests for continuances after the final competency decision, the Court has already ruled on those motions, granting those requests for continuances based on the delay attributable to competency proceedings and a finding that the continuance served the ends of justice, which outweighed the best interests of the public and defendant in a speedy trial, given that Defendant had recently returned from multiple years of out-of-state competency proceedings, is currently in custody and his attorney, a solo practitioner, needed time to confer with his client after the lengthy delay and to prepare for trial. The Court reiterates that the ends of justice far outweigh the public's interest and Defendant's interest in a speedy trial in granting the post—

competency order continuances so that a defendant facing substantial charges and only recently returned to the District of Minnesota after extensive competency proceedings can communicate with his attorney and prepare for trial.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Government's Motion to Exclude Time under Speedy Trial Act [Docket No. 522] is **GRANTED IN PART** and **DENIED IN PART** as set forth within this Memorandum of Law & Order.

2. Defendant's Motion to Dismiss Indictment for Speedy Trial Violation [Docket No. 523] is **DENIED**.

3. The Government shall provide new flash drives with discovery to defense counsel. The Government shall work with the United States Marshals Office to permit Defendant to come to the United States Marshals Office to review the discovery on its computers. In the alternative, the Government shall arrange for Defendant and his counsel to go to the U.S. Attorney's Office to review discovery forthwith.

4. A jury trial is set for June 17, 2019 at 9:30 a.m. A formal trial notice will follow.

Dated: May 24, 2019               s/ Michael J. Davis
                                  Michael J. Davis
                                  United States District Court